## MATTER OF LEHDER

### In Bond Proceedings Pursuant To 8 CFR 242.2(b)

### A–13924441

### *Decided by Board February 7, 1975*

While the respondent was confined in a federal correctional institution the Service served a notice of detainer asking the institution to notify the Service prior to the respondent's release. At a deportation hearing at the institution the respondent was found deportable. The order of deportation was to take effect only upon his release to the Service by the custodial authority. Respondent did not appeal the deportation order and remains in custody for his criminal convictions, which are not related to any immigration process. The respondent alleges that because of the Service detainer he is restricted in his ability to participate in prison programs. His request to the Service for the setting of bail was denied by the district director as premature. In dismissing the respondent's appeal from the district director's decision the Board of Immigration Appeals cited: section 242(h) of the Immigration and Nationality Act which provides that an alien shall not be deported until his imprisonment has been terminated by his release from confinement; section 242(c), of the Act, which provides that an order of deportation entered against an alien in legal confinement, other than under immigration process, is effected at the moment he is released from such confinement; and 8 CFR 242.3(b) which provides that such alien shall not be accepted into physical custody until an order of deportation has been made and the Service is ready to deport the alien.

ON BEHALF OF RESPONDENT:
Micheal J. Churgin, Esquire
127 Wall Street
New Haven, Connecticut 06520

ON BEHALF OF SERVICE:
Irving A. Appleman, Esquire
Appellate Trial Attorney:

The respondent is currently confined in the Federal Correctional Institution at Danbury, Connecticut serving concurrent two- and four-year sentences imposed by the United States District Courts for the Southern District of Florida and the District of Connecticut, respectively. On February 21, 1974 the Immigration and Naturalization Service issued an order to show cause and a warrant of arrest in deportation proceedings, and a Notice of Action by the Immigration and Naturalization Service in which the United States Marshal in Miami, Florida was asked to notify the Service 30 days prior to the respondent's release and to accept the notice as a detainer. After a proceeding which was held at the Federal Correctional Institution at Danbury, the respondent was

found deportable by an immigration judge on June 12, 1974, and was ordered deported to Columbia. He has not appealed from that decision.

After he was found deportable, the respondent applied to the district director for bail or its equivalent, alleging that because of the Service detainer, he was more restricted in his ability to participate in prison programs at the Danbury institution than he would otherwise be. The district director answered the application by letter stating that when the respondent is released from prison into the actual custody of the Service, then he will notify the respondent of a decision specifying the conditions, if any, under which release will be permitted from the custody of the Service. The respondent then appealed to this Board.

Although he is imprisoned for criminal convictions, the respondent contends that he is nonetheless in Service custody at the present time and that the district director must, under the circumstances, exercise his discretion and render a decision on his application for bond or its equivalent. The Service asserts that its detainer is only for the purpose of having the prison authorities turn the respondent over to the Service for deportation upon his release from prison. The Service does not wish to cause the respondent to suffer any deprivations while in prison.

The pertinent parts of the Immigration and Nationality Act and the corresponding regulations provide as follows:

> An alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement.[1]
>
> For the purposes of this section an order of deportation heretofore or hereafter entered against an alien in legal detention or confinement, other than under an immigration process, shall be considered as being made as of the moment he is released from such detention or confinement, and not prior thereto.[2]
>
> An alien confined in an institution or hospital shall not be accepted into physical custody by the Service until an order of deportation has been made and the Service is ready to deport the alien.[3]

Since the respondent has not yet been released from prison, the district director may not take him into physical custody and has not so taken him. Therefore, the time is not yet ripe for the district director to make a determination concerning the conditions, if any, upon which the respondent may be released from custody. Consequently, the provisions of 8 CFR 242.2(a) and (b) concerning apprehension, custody, and detention are not yet triggered. Accordingly, the district director lacks jurisdiction to consider the respondent's application for bond or its equivalent, and he correctly declined to consider it. We correspondingly lack jurisdiction to adjudicate this appeal.

We acknowledge that case law establishes that while the respondent

---

[1] Section 242(h), Immigration and Nationality Act.
[2] Section 242(c), Immigration and Nationality Act.
[3] 8 CFR 242.3(b).

is not yet in the actual physical custody of the Service, still he is in its "technical custody." *Chung Young Chew* v. *Boyd,* 309 F.2d 857 (C.A. 9, 1962). Accord, *Slavik* v. *Miller,* 89 F. Supp. 575 (W.D. PA.), aff'd 184 F.2d 575 (C.A. 3, 1950), cert. denied 340 U.S. 955 (1951). He is currently in the actual physical custody of a federal correctional institution. In *Cooper* v. *Lockhart,* 489 F.2d 308 (C.A. 8, 1973), relied on by counsel, the issue before the court was whether the custodial state could be required to remove the harmful consequences which flow from a detainer placed upon the petitioner because of a pending parole revocation in another state. The court found that the cooperating custodial state denies a prisoner due process by continuing the effects of a detainer placed on him solely on the strength of a request for one by a sister state. It held that the special conditions of confinement brought about by the filing of the detainer would have to be discontinued in the event that the detainer-requesting state should not request that the prisoner be made available for prompt disposition of the parole revocation proceeding. In other words, the detainer was based on the possibility that the prisoner's parole privilege might be revoked. The court held that the detainer, with its effects, could not continue without an adjudication of the issues underlying it at a prompt parole revocation proceeding.

In the present case the respondent had a deportation hearing. At that proceeding the issue underlying the detainer, viz. his deportability, was adjudicated. He does not challenge the deportation order and did not appeal from the immigration judge's decision finding him deportable. He simply wishes to be relieved of the deprivations visited upon him by the prison authorities because of the detainer filed against him. Since the respondent has not yet been released from nonimmigration legal detention, the deportation order is not considered final. Section 242(c), Immigration and Nationality Act. Therefore, the respondent does not yet have a remedy in habeas corpus proceedings against the Service. Section 106(a)(9), Immigration and Nationality Act. If he wishes to be relieved of the consequences of the detainer, he should seek a remedy from the present custodial authorities rather than from the Service.

ORDER: The appeal is dismissed.