# MATTER OF SANCHEZ

## In Bond Proceedings Pursuant to 8 C.F.R. § 242.2(d)

### A-19361669

### *Decided by Board September 21, 1990*

(1) The immigration judge erred in holding that he had jurisdiction to conduct a hearing in bond proceedings for a criminal alien who was still incarcerated in a Maryland State penal institution.

(2) The Immigration and Naturalization Service did not have actual physical custody of the criminal alien, and therefore there was no authority for the commencement of bond proceedings before an immigration judge under the regulations.

(3) The filing of a Service detainer with the Maryland penal authorities does not constitute actual physical custody.

(4) Section 242(i) of the Immigration and Nationality Act, 8 U.S.C. § 1252(i) (1988), which indicates that the Attorney General should begin any deportation proceeding as expeditiously as possible after the date of the conviction, is not a vehicle for incarcerated aliens to demand immediate deportation hearings.

ON BEHALF OF RESPONDENT:
M. Kiel Hackley, Esquire
Noto, Oswald, Hoffmeier, Hackley,
Eisman, and Miller
Washington Harbor
3050 K Street, N.W., Suite 310
Washington, D.C. 20007

ON BEHALF OF SERVICE:
Elizabeth S. Dolan
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated March 1, 1990, an immigration judge ordered the respondent, who was being held in custody without bond, to be released on a bond of $5,000.[1] In a subsequent decision dated March 8, 1990, the immigration judge vacated his prior order to set bond at $5,000 and requested further briefing on the respondent's eligibility for bond.[2] The Immigration and Naturalization Service, however, has

---

[1] The immigration judge found that the Immigration and Naturalization Service's refusal to set bond was the equivalent of a custody determination of no bond.

[2] The immigration judge's March 8, 1990, order vacated his original bond order following the decision of the Board of Immigration Appeals in *Matter of Barrett*, 20 I&N Dec. 171 (BIA 1990), which held that a state conviction could qualify as an aggravated

appealed from the immigration judge's original determination that he had jurisdiction to hold a custody hearing. The Service's appeal will be sustained.

The record indicates that the respondent is a 25-year-old married native and citizen of Argentina, who was admitted to the United States as a lawful permanent resident on December 7, 1978. On September 18, 1989, an Order to Show Cause and Notice of Hearing (Form I-221) was issued in which it is alleged that on August 11, 1989, the respondent was convicted of unlawful distribution of cocaine hydrochloride, and, therefore, that he is deportable under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11) (1988), on the basis of a controlled substance conviction, and under section 241(a)(4)(B) of the Act, on the basis of an aggravated felony conviction. The respondent was sentenced to 8 years in prison, but 4 years were suspended. The respondent was also ordered to complete 36 months of probation following his release from incarceration. On September 12, 1989, while the respondent was in state custody, the Service placed an immigration detainer on the respondent.

On November 1, 1989, the respondent filed the Order to Show Cause with the Office of the Immigration Judge. The respondent also filed a motion which asked the immigration judge to require the Service to set bond and to require the Service to lift the detainer lodged with the prison.

In his decision of March 1, 1990, the immigration judge concluded that he had jurisdiction to set bond. The immigration judge initially found that the immigration court had jurisdiction over the respondent's deportation proceedings because the proceedings had been commenced through the filing of an Order to Show Cause. The immigration judge then noted that the immigration court had authority to consider the respondent's custody and bond pursuant to 8 C.F.R. §§ 3.18 and 242.2(c)(2) and (d) (1990). In support of his findings concerning custody and bond, the immigration judge stated that the respondent was in the "technical" custody of the Service, and that the Service's refusal to set bond was the equivalent of a decision that no bond was warranted. The immigration judge concluded, however, that he did not have authority to require the Service to remove the detainer. In addition, he concluded that he did not have jurisdiction to compel a state authority to allow a prisoner to participate in a work release program or other detention facility program.

---

felony and preclude an alien's release from Service custody on bond. The immigration judge therefore requested briefs to determine whether the respondent's state conviction could be considered an aggravated felony. We are unable to review any subsequent bond determination by the immigration judge because none is included in the record.

On appeal, the Service contends that the immigration judge erred in holding that he had jurisdiction to conduct a bond hearing for a criminal alien who was still incarcerated in a state penal institution. In support of this position, the Service argues that the immigration judge erred in holding that the Service assumes "technical" custody over the respondent through issuance of an immigration detainer and an Order to Show Cause. The Service also argues that the immigration judge erred in holding that the Service's refusal to set a bond for the respondent was the equivalent of a bond determination under 8 C.F.R. § 242.2(c)(2) (1990).

Jurisdiction vests and proceedings commence before an immigration judge when a charging document is filed with the Office of the Immigration Judge except for bond proceedings as provided in 8 C.F.R. §§ 3.18 and 242.2(d). 8 C.F.R. § 3.14(a) (1990).[3] Since the regulations do not specify who can file a charging document with the Office of the Immigration Judge, the respondent as well as the Service can commence deportation proceedings by filing the Order to Show Cause. The effect of such filing is to vest the Office of the Immigration Judge with jurisdiction over the case. The regulation at 8 C.F.R. § 3.14(a) (1990), however, does not apply to bond proceedings, which are expressly excluded from that provision. Jurisdiction in bond proceedings is controlled by 8 C.F.R. §§ 3.18 and 242.2(d) (1990). The regulation at 8 C.F.R. § 3.18(a) (1990) indicates that the immigration judge may review custody and bond determinations made by the Service pursuant to 8 C.F.R. § 242 (1990). Therefore, the Service would be required to make a custody and a bond determination under 8 C.F.R. § 242.2(c) (1990) before an immigration judge would have jurisdiction to conduct a custody hearing.

To make a proper custody determination under 8 C.F.R. § 242.2(c) (1990), the Service must first have custody of the respondent. In the present case, the immigration judge concluded that the Service "assumed 'technical' custody of the respondent through its issuance of a detainer and Order to Show Cause." We find this equation of a Service detainer with Service custody to be misplaced. A detainer is merely an administrative mechanism to assure that a person subject to confinement will not be released from custody until the party requesting the detainer has an opportunity to act. See Moody v. Daggett, 429 U.S. 78 (1976). Although the immigration judge was correct in noting that a detainer has been deemed to be "technical" custody, it clearly does not constitute actual physical custody. See Chung Young Chew v. Boyd, 309 F.2d 857 (9th Cir. 1962); Slavik v. Miller, 89 F. Supp. 575 (W.D. Pa.), aff'd, 184 F.2d 575 (3d Cir. 1950),

---

[3] The regulation at 8 C.F.R. § 3.14(a) (1990) incorrectly cites 8 C.F.R. § 242.2(b).

*cert. denied*, 340 U.S. 955 (1951); *Matter of Lehder*, 15 I&N Dec. 159 (BIA 1975).

In the present case, the respondent was in the actual physical custody of the State of Maryland. We note that the Service can neither compel the Maryland authorities to make the respondent available for immigration proceedings, nor, as a practical matter, exert its authority over the respondent as long as he is confined in a state facility. Since there is no dual or joint custody, we find it inappropriate to consider the Service's detainer as custody under 8 C.F.R. § 242.2(c) (1990). *See Young v. United States*, 337 F.2d 753 (5th Cir. 1964); *cf. Gaddy v. Michael*, 519 F.2d 669 (4th Cir. 1975); *Small v. Britton*, 500 F.2d 299 (10th Cir. 1974). Consequently, inasmuch as the respondent is not yet in the custody of the Service, we conclude that the provisions of 8 C.F.R. § 242.2(d) (1990) are not yet applicable to this case. *See Matter of Lehder, supra.*[4]

We note that the immigration judge's decision attempted to distinguish *Matter of Lehder, supra*, from the present case based on two regulatory changes made subsequent to that decision. First, the immigration judge relied on the regulation at 8 C.F.R. § 3.14(a) (1990) which, as previously noted, does not trigger the commencement of bond proceedings. Second, the immigration judge also relied on section 242(i) of the Act, 8 U.S.C. § 1252(i) (1988), which indicates that the Attorney General should "begin any deportation proceeding as expeditiously as possible after the date of the conviction." The statute and its legislative history reveal that it was intended more as a directive to the Service to address the balance of state versus federal responsibility for incarcerated aliens subject to deportation, rather than as a vehicle for incarcerated aliens to demand immediate deportation hearings. *Mohammed v. Sullivan*, 866 F.2d 258 (8th Cir. 1989); *Campillo v. Sullivan*, 853 F.2d 593 (8th Cir. 1988); *Cabezas v. Scott*, 717 F. Supp. 696 (D. Ariz. 1989). This provision, therefore, does not compel the immigration judge to conduct a hearing.

Accordingly, the following order will be entered.

**ORDER:** The appeal of the Immigration and Naturalization Service is sustained and the immigration judge's order is vacated for lack of jurisdiction.

---

[4] In light of our findings, we find it unnecessary to determine whether the immigration judge erred in holding that the Service's refusal to set a bond for the respondent was the equivalent of a bond determination.