# MATTER OF L-G-

## In Deportation Proceedings

### A-26025339

### *Decided by Board November 3, 1994*

(1) A single conviction under 21 U.S.C. § 844(a) (Supp. V 1993) for simple possession of more than 5 grams of a mixture or substance which contains cocaine base is a conviction for an aggravated felony within the meaning of section 101(a)(43) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43) (Supp. V 1993), as is a state conviction analogous to such federal conviction.

(2) A single conviction for possession of a controlled substance under section 40:967F(2) of the Louisiana Revised Statutes is not analogous to a conviction under the single offense felony provision of 21 U.S.C. § 844(a) relating to possession of "cocaine base" where the Louisiana conviction involved possession of "cocaine," not cocaine base.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2)(A)(iii) [8 U.S.C. § 1251(a)(2)(A)(iii)]—Convicted of aggravated felony

Sec. 241(a)(2)(B)(i) [8 U.S.C. § 1251(a)(2)(B)(i)]—Convicted of controlled substance violation

ON BEHALF OF RESPONDENT:  
Pro se

ON BEHALF OF SERVICE:  
Craig A. Harlow  
General Attorney

BY: Dunne, Acting Chairman; Vacca and Heilman, Board Members; Holmes, Alternate Board Member

In a decision dated June 8, 1994, an immigration judge found the respondent deportable as charged, determined that he was ineligible for asylum and withholding of deportation under sections 208 and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158 and 1253(h) (1988 & Supp. V 1993), and ordered him deported to Cuba. The respondent has appealed from that decision.[1] The appeal will be

---

[1] The respondent requests on appeal that the "detainer lodged against [him] be removed." However, we are without jurisdiction to review this matter. *See generally Matter of Sanchez*, 20 I&N Dec. 223 (BIA 1990).

sustained and the record will be remanded for further proceedings before the immigration judge.

The record reflects that on November 13, 1990, the respondent was convicted in the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana, of the offense of possession in excess of 400 grams of a Schedule II, Controlled Dangerous Substance, to wit, cocaine, in violation of section 40:967F(2) of the Louisiana Revised Statutes. As a result of that conviction, he was sentenced to serve a term of 20 years at hard labor. By Order to Show Cause and Notice of Hearing (Form I-221) dated February 24, 1994, the respondent was placed in deportation proceedings and charged with deportability under sections 241(a)(2)(A)(iii) and (B)(i) of the Act, 8 U.S.C. §§ 1251(a)(2)(A)(iii) and (B)(i) (Supp. V 1993), as an alien who has been convicted of an aggravated felony and a controlled substance violation.

At his deportation hearing, the respondent, a native and citizen of Cuba, admitted the factual allegations set forth in the Order to Show Cause, but citing "political problems" in his native country, indicated a desire to apply for asylum and withholding of deportation. Without explaining the rationale for his conclusion, the immigration judge determined that the respondent was deportable as charged and ineligible, as an alien who has been convicted of an aggravated felony, for the relief sought under sections 208 and 243(h) of the Act.[2] As we find that the record does not establish that the respondent has been convicted of an aggravated felony within the meaning of section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (Supp. V 1993), we shall remand the case to the immigration judge for further proceedings.

Congress included within the definition of the term "aggravated felony" under section 101(a)(43) of the Act "any illicit trafficking in any controlled substance (as defined in section 102 of the Controlled Substances Act), including any drug trafficking crime as defined in section 924(c)(2) of title 18, United States Code." Under 18 U.S.C. § 924(c)(2) (1988), a "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et. seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)."

In *Matter of Davis*, 20 I&N Dec. 536 (BIA 1992), this Board observed, in dicta, that a single conviction for simple possession of a controlled substance could constitute a conviction for an aggravated

---

[2] An alien convicted of an aggravated felony is precluded by section 208(d) of the Act from applying for asylum and is barred by section 243(h)(2) of the Act from receiving withholding of deportation. *Matter of C-*, 20 I&N Dec. 529 (BIA 1992); *Matter of K-*, 20 I&N Dec. 418 (BIA 1991).

felony. The example we cited was a conviction under 21 U.S.C. § 844(a) (Supp. V 1993), a codification of the Controlled Substances Act. Under that statute, a defendant with no prior drug convictions who is convicted of simple possession of more than 5 grams of a mixture or substance which contains cocaine base is subject to a term of imprisonment of 5 to 20 years.[3] *Matter of Davis, supra,* at 543 n.6. Inasmuch as the maximum term of imprisonment authorized by the statute exceeds 1 year, such offense is a felony. 18 U.S.C. § 3559 (1988); *Matter of Davis, supra,* at 543 n.6. As a felony under the Controlled Substances Act, this offense is a "drug trafficking crime" within the ambit of 18 U.S.C. § 924(c)(2) and, therefore, "illicit trafficking" in a controlled substance and an aggravated felony within the meaning of section 101(a)(43) of the Act. Pursuant to *Matter of Barrett,* 20 I&N Dec. 171 (BIA 1990), a state conviction analogous to a federal conviction under the single offense felony provision of 21 U.S.C. § 844(a) would also constitute a conviction for an aggravated felony. *Matter of Davis, supra,* at 543.

A review of the Louisiana statute under which the respondent was convicted indicates that the conviction was for simple possession of a controlled substance.[4] The offense underlying the respondent's convic-

---

[3]The statute in question, 21 U.S.C. § 844(a), states in part:

It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this subchapter or subchapter II of this chapter. Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both, except that if he commits such offense after a prior conviction under this subchapter or subchapter II of this chapter, or a prior conviction for any drug or narcotic offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years, and shall be fined a minimum of $2,500, except, further, that if he commits such offense after two or more prior convictions under this subchapter or subchapter II of this chapter, or two or more prior convictions for any drug or narcotic offense chargeable under the law of any State, or a combination of two or more such offenses have become final, he shall be sentenced to a term of imprisonment for not less than 90 days but not more than 3 years, and shall be fined a minimum of $5,000. *Notwithstanding the preceding sentence, a person convicted under this subsection of the possession of a mixture or substance which contains cocaine base shall be imprisoned not less than 5 years and not more than 20 years, and fined a minimum of $1,000, if the conviction is a first conviction under this subsection and the amount of the mixture or substance exceeds 5 grams ....*

(Emphasis added.)

[4]Section 40:967F(2)(c) of the Louisiana Revised Statutes provides:

Any person who knowingly or intentionally possesses four hundred grams or more of amphetamine or methamphetamine or a mixture or substance containing a detectable amount of amphetamine or methamphetamine or any of its analogues as provided in

tion is a felony under Louisiana law by reason of the sentence imposed. *See* La. Code Crim. Proc. Ann. art. 933(3) (West 1984) ("'Felony' means an offense that may be punished by death or by imprisonment at hard labor."). The record does not reflect that the respondent has any other convictions. However, notwithstanding the similarities between the respondent's conviction and a conviction under the single offense felony provision of 21 U.S.C. § 844(a), the evidence in the instant case does not support a conclusion that the respondent has been convicted of an aggravated felony inasmuch as he stands convicted of possession of a quantity of cocaine and the provision, by its terms, applies only to possession of "cocaine base," not "cocaine."

The penalty provisions of the Controlled Substances Act, codified at 21 U.S.C. § 841(b) (1988 & Supp. V 1993), and the corresponding Sentencing Guidelines, 18 U.S.C.A. app. 4 § 2D1.1 (West Supp. 1994) ("Sentencing Guidelines"), impose substantially more severe penalties for offenses involving mixtures or substances containing "cocaine base" than for offenses involving equal amounts of mixtures or substances containing "cocaine." For example, 21 U.S.C. § 841(b)(1)(A)(iii) specifies a minimum 10-year prison term for distributing 50 grams of a mixture containing cocaine base, whereas section 841(b)(1)(A)(ii)(II) requires 100 times that quantity, or 5 kilograms, of a mixture containing cocaine to trigger the same minimum 10-year sentence. *See, e.g., United States v. Williams*, 876 F.2d 1521, 1525 (11th Cir. 1989). Congressional hearing statements indicate that Congress targeted cocaine base because it "(1) has a more rapid onset of action, (2) is more potent, (3) is more highly addictive, (4) is less expensive than cocaine powder, and (5) has widespread availability." *United States v. Thurmond*, 7 F.3d 947, 952-53 (10th Cir. 1993) (citing statements from congressional hearings), *cert. denied*, 114 S. Ct. 1311 (1994); *see also United States v. Singleterry*, 29 F.3d 733, 740 (1st Cir.) *cert. denied*, 115 S. Ct. 647 (1994); *United States v. Byse*, 28 F.3d 1165, 1169 (11th Cir. 1994); *United States v. Stevens*, 19 F.3d 93, 97 (2d Cir. 1994); *United States v. Jones*, 979 F.2d 317, 319 (3d Cir. 1992); *United States v. Lawrence*, 951 F.2d 751, 754-56 (7th Cir. 1991); *United States v. Shaw*, 936 F.2d 412, 415-16 (9th Cir. 1991); *United States v. Thomas*, 932 F.2d 1085, 1090 (5th Cir. 1991), *cert.*

---

Schedule II(C) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than fifteen years, nor more than thirty years and to pay a fine of not less than two hundred fifty thousand dollars, nor more than six hundred thousand dollars.

La. Rev. Stat. Ann. § 40:967F(2)(c) (West 1984). We note that although the foregoing statutory provision makes no direct reference to cocaine, the record nevertheless reflects that the respondent was convicted of possession of cocaine in violation of this section.

*denied*, 502 U.S. 1038, (1992); *United States v. Levy*, 904 F.2d 1026, 1032 (6th Cir. 1990), *cert. denied sub nom. Black v. United States*, 498 U.S. 1091 (1991); *United States v. Thomas*, 900 F.2d 37, 39-40 (4th Cir. 1990); *United States v. Buckner*, 894 F.2d 975, 978-79 (8th Cir. 1990); *United States v. Cyrus*, 890 F.2d 1245, 1248 (D.C. Cir. 1989). We note that the distinction between the different forms of cocaine has repeatedly withstood constitutional challenge on various grounds. *See, e.g., United States v. Singleterry*, *supra*, at 740-41; *United States v. Byse*, *supra*, at 1167-71; *United States v. Stevens*, *supra*, at 96-97; *United States v. Thurmond*, *supra*, at 951-53; *United States v. Bynum*, 3 F.3d 769 (4th Cir. 1993), *cert. denied*, 114 S. Ct. 1105 (1994); *United States v. Williams*, 982 F.2d 1209, 1213 (8th Cir. 1992); *United States v. Jones*, 979 F.2d 317, 318-20 (3d Cir. 1992); *United States v. Lawrence*, *supra*; *United States v. Galloway*, 951 F.2d 64, 65-66 (5th Cir. 1992) (per curiam); *United States v. Shaw*, *supra*, at 416; *United States v. Thomas*, 932 F.2d at 1089-90; *United States v. Levy*, *supra*; *United States v. Cyrus*, *supra*.

The term "cocaine base" is not defined in the Controlled Substances Act. However, effective November 1, 1993, the Sentencing Guidelines were amended by the United States Sentencing Commission to provide: "'Cocaine base,' for the purposes of this guideline, means 'crack.' 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." Sentencing Guidelines, § 2D1.1(c); *see also United States v. Munoz-Realpe*, 21 F.3d 375 (11th Cir. 1994). In amending the Sentencing Guidelines, the Sentencing Commission addressed an intercircuit conflict with respect to the scope of the term "cocaine base." *Compare, e.g., United States v. Shaw*, *supra* (finding that cocaine base means only crack) *with United States v. Jackson*, 968 F.2d 158 (2d Cir.) (stating that cocaine base has a scientific definition not limited to crack), *cert. denied*, 113 S. Ct. 664 (1992). Under the amendment, forms of cocaine base other than crack are treated as cocaine. 58 Fed. Reg. 27,148, 27,156 (1993); *see also United States v. Munoz-Realpe*, *supra*, at 377 ("By allowing the amendment to take effect, Congress has given its imprimatur to the new definition of 'cocaine base'; Congress indicated that it intends the term 'cocaine base' to include only crack cocaine."). *But see United States v. Palacio*, 4 F.3d 150, 154 (2d Cir. 1993) (holding that the broader, scientific definition of "cocaine base" previously adopted by the court remains valid for purposes of the Controlled Substances Act "in the absence of new guidance from Congress"), *cert. denied*, 114 S. Ct. 1194 (1994).

As the respondent in this case was convicted of possession of "cocaine," the evidence of record does not support an analogy to the

single offense felony provision of 21 U.S.C. § 844(a). The record consequently does not establish that the respondent was convicted of an aggravated felony, and he does not appear barred on that basis from demonstrating statutory eligibility for asylum or withholding of deportation. The record will accordingly be remanded to the immigration judge for further consideration of the respondent's application for the relief sought under sections 208 and 243(h) of the Act in light of our determination.

**ORDER:** The appeal is sustained and the record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.