# Matter of Armando CERDA REYES, Respondent

*Decided March 24, 2015*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The rules for applying for a bond redetermination at 8 C.F.R. § 1003.19(c) (2014) relate to venue, not jurisdiction.

FOR RESPONDENT: Helen Parsonage, Esquire, Winston-Salem, North Carolina

FOR THE DEPARTMENT OF HOMELAND SECURITY: Scott D. Criss, Assistant Chief Counsel

AMICI CURIAE: Carolinas Chapter of the American Immigration Lawyers Association; Catholic Charities of the Archdiocese of Newark; Dolores Street Community Services; Northwest Immigrant Rights Project; and National Immigration Project of the National Lawyers Guild[1]

BEFORE: Board Panel: ADKINS-BLANCH, Vice Chairman; MILLER and GUENDELSBERGER, Board Member.

ADKINS-BLANCH, Vice Chairman:

In a decision dated March 13, 2014, an Immigration Judge determined that she lacked jurisdiction under 8 C.F.R. § 1003.19(c) (2014) to consider the respondent's request for a change in custody status.[2] The respondent appealed, and on October 7, 2014, we issued a decision dismissing the appeal as moot. The respondent and amici curiae subsequently requested that we publish that decision. In order to include additional analysis, we will reconsider this matter sua sponte pursuant to 8 C.F.R. § 1003.2(a) (2014) and vacate our prior order. The Immigration Judge's determination that she lacked jurisdiction will be reversed, but the respondent's appeal will be dismissed as moot because he received a later bond hearing.[3]

---

[1] Trina Realmuto, Esquire

[2] The reasons for the Immigration Judge's determination are set forth in a written decision dated April 22, 2014.

[3] Although we dismiss the respondent's appeal as moot, we will address the jurisdictional question because it is an important and recurring issue. *See Matter of Luis*, 22 I&N Dec. 747, 752–54 (BIA 1999) (explaining that because the Board is an

(continued . . .)

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent was detained at the York County Detention Center in York, South Carolina, when he filed a motion for a bond redetermination hearing on March 11, 2014. The Charlotte Immigration Court, which has authority over that detention facility, scheduled a bond hearing for the respondent for March 13, 2014. On the day of the scheduled hearing, the Department of Homeland Security ("DHS") informed the Immigration Judge in Charlotte that it had transferred the respondent to the Stewart Detention Facility in Lumpkin, Georgia. Finding that the respondent had been transferred from the York County Detention Facility in South Carolina at the time of the hearing, the Immigration Judge concluded that she lacked jurisdiction to hear the custody redetermination request because the Lumpkin Immigration Court had jurisdiction over the place where the respondent was detained.[4]

## II. ANALYSIS

### A. Jurisdiction To Conduct a Bond Hearing

This appeal requires us to determine whether the rules for applying for a bond redetermination at 8 C.F.R. § 1003.19(c) are jurisdictional or relate only to venue.[5] The regulation provides in pertinent part:

> (a) Custody and bond determinations made by the service pursuant to 8 CFR part 1236 may be reviewed by an Immigration Judge pursuant to 8 CFR part 1236.
> . . . .
> (c) Applications for the exercise of authority to review bond determinations shall be made to one of the following offices, in the designated order:
> (1) If the respondent is detained, to the Immigration Court having jurisdiction over the place of detention;
> (2) To the Immigration Court having administrative control over the case; or
> (3) To the Office of the Chief Immigration Judge for designation of an appropriate Immigration Court.

_____

administrative body, it is not subject to the case-or-controversy requirement in Article III of the Constitution but may still dismiss a case as moot as a matter of prudence).

[4]  The parties dispute whether the respondent was still physically within the jurisdiction of the Charlotte Immigration Court at the time of his hearing. In light of our decision today, we need not address this issue.

[5]  The Immigration Court's jurisdiction typically vests with the filing of a charging document, but no charging document is required in bond proceedings. 8 C.F.R. § 1003.14(a) (2014).

The plain language of 8 C.F.R. § 1003.19(c) does not address a tribunal's authority to consider a bond determination but refers instead to "[a]pplications for the *exercise of* authority." (Emphasis added.) This wording suggests that, rather than giving the court its authority to review the case, the regulation merely provides a means for requesting that the court exercise its preexisting authority. It is significant that 8 C.F.R. § 1003.19(a) makes reference to 8 C.F.R. part 1236 (2014), which delineates an Immigration Judge's authority to hear bond cases. According to 8 C.F.R. § 1236.1(d)(1), an Immigration Judge is "authorized to *exercise the authority in section 236 of the Act . . .* to detain the alien in custody, release the alien, and determine the amount of bond." (Emphasis added.) This language makes clear that the authority to hear bond cases comes from the Act itself, via delegation from the Attorney General.

The language of 8 C.F.R. § 1003.19(c)(3) further clarifies the nonjurisdictional nature of the regulation because it permits applications to be filed with the Office of the Chief Immigration Judge ("OCIJ") for designation of an appropriate Immigration Court. In giving the OCIJ authority to designate an appropriate location for the hearing, the regulation presumes that any court so designated would have jurisdiction to hear the bond case.[6] Accordingly, we interpret the rules at 8 C.F.R. § 1003.19(c) to be mandatory, but not jurisdictional.[7]

Although the regulations suggest that a bond hearing will usually be held in the location where the alien is detained, policies related to the scheduling of bond hearings, including determining the location of the

---

[6] Jurisdiction refers to the court's authority to adjudicate a case. Venue is the place where such authority is to be exercised. *See, e.g.*, *Iselin v. La Coste*, 147 F.2d 791, 795 (5th Cir. 1945) ("Jurisdiction is the power to adjudicate and is granted by Congress. Litigants may not confer this power on the court by waiver or consent, but the place where the power to adjudicate is to be exercised is venue, not jurisdiction."). *Compare* 28 U.S.C. §§ 1331−1332 (2012) (defining subject matter jurisdiction of the Federal district courts), *with* 28 U.S.C. § 1391 (2012) (governing venue in Federal district courts).

[7] In so finding, we agree with the DHS that an alien complying with 8 C.F.R. § 1003.19(c) cannot "'force' jurisdiction merely by the filing of a motion." Instead, the Immigration Judge still must determine if he or she has jurisdiction over the bond hearing pursuant to section 236 of the Act, 8 U.S.C. § 1226 (2012). The limits on an Immigration Judge's jurisdiction over bond proceedings in section 236 still prohibit the Immigration Judge from hearing a request for a custody redetermination filed in advance of an alien's transfer from criminal custody into DHS custody. *Matter of Sanchez*, 20 I&N Dec. 223 (BIA 1990). Further, under 8 C.F.R. §§ 1003.19(a) and (h)(2)(i), an Immigration Judge is limited to reviewing certain custody or bond determinations previously rendered by the DHS.

hearing, are properly within the province of the OCIJ.[8] Therefore, we decline to address the scheduling issues raised by the parties.

## B. Mootness

Agency records indicate that the respondent received a bond hearing before the Immigration Judge at the Stewart Detention Center in Lumpkin, Georgia, on March 27, 2014, after the DHS moved him to that location. The respondent did not appeal from that decision. His earlier application for a bond hearing before the Charlotte Immigration Court is therefore now moot.

**ORDER:** The October 7, 2014, decision of the Board is vacated.

**FURTHER ORDER:** The respondent's appeal is dismissed as moot.

---

[8] We recognize that there must be coordination between the OCIJ and the DHS to ensure that aliens receive prompt hearings at the appropriate venue.