19 F.3d 93
 62 USLW 2623
 UNITED STATES of America, Appellee,
v.
Abraham STEVENS, also known as "Abe", Duane Seagers, also
known as "Country", Edward Glover, also known as
"Mookie", and Alfred Ashife Stevens,
Defendants-Appellants.
 No. 624, Docket 93-1406.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 27, 1994.
Decided March 16, 1994.
 
 John P. Cooney, Jr., New York City (David D. Brown IV, Joseph F. Warganz, of counsel), for defendant-appellant Seagers.
 Roland G. Riopelle, Asst. U.S. Atty., New York City (Mary Jo White, U.S. Atty., S.D.N.Y., Elizabeth Glazer, Asst. U.S. Atty., of counsel), for appellee.
 Before: WALKER and JACOBS, Circuit Judges, and DALY, District Judge.*
 WALKER, Circuit Judge:
 
 
 1
 Defendant Duane Seagers appeals from a judgment of the United States District Court for the Southern District of New York (Michael B. Mukasey, Judge ), after a plea of guilty, convicting him of conspiring to distribute and possess with intent to distribute between 500 grams and 1.5 kilograms of cocaine base, in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(C), and 846, and using firearms during the commission of a felony, in violation of 18 U.S.C. Sec. 924(c). On appeal, Seagers claims inter alia that he misunderstood his plea and that the Sentencing Guidelines' differential treatment of crack cocaine violates the Equal Protection Clause. We reject both contentions.
 
 
 2
 Seagers was indicted, along with four co-defendants, based on his participation in a drug ring that sold vials of crack cocaine (also known as cocaine base) in an apartment complex in the Bronx during January and February of 1992. The indictment charged Seagers and his co-defendants in the first count with conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(B), and 846; in the second count with distributing and possessing with intent to distribute cocaine base, in violation of 21 U.S.C. Sec. 841(b)(1)(B); in the third count with using firearms in relation to the drug trafficking conspiracy charged in count one, in violation of 18 U.S.C. Sec. 924(c); and in the fourth count with possessing a firearm with a defaced serial number, in violation of 18 U.S.C. Sec. 922(k). Seagers thereafter entered his plea of guilty to count three and to a reduced count one conspiracy to violate Sec. 841(b)(1)(C) instead of Sec. 841(b)(1)(B). He was sentenced to a 168-month term of imprisonment on count one, a consecutive 60-month term of imprisonment on count three, and three years of supervised release. The district judge also imposed a $2,000 fine and a $100 special assessment.
 
 
 3
 The Plea "Misunderstanding"
 
 
 4
 Seagers argues that his plea was not knowingly made and should be vacated because he thought he was pleading guilty to a distribution and possession count, not a conspiracy count. He relies primarily on McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and Irizarry v. United States, 508 F.2d 960 (2d Cir.1974), both of which vacated pleas after determining that the district judge did not adequately ascertain, on the record, that the defendant understood the offense to which he was pleading. We note that these cases were decided during the regime of strict compliance to Rule 11 that pre-dated the substantial amendments to the Rule beginning in 1975 clarifying the procedures which must be undertaken when a defendant tenders a guilty plea and making clear that a harmless error rule is applicable when reviewing alleged plea defects. See Fed.R.Crim.P. 11 advisory committee's notes (1983 Amendment Rule 11(h)).
 
 
 5
 In any event, these cases are clearly distinguishable from the present case because this record does not support defendant's claim of confusion. While it is true that the statutory offense to which Seagers pleaded guilty was never specifically stated at the plea allocution, the Government explains that the parties did not refer to the conspiracy statute because the allocution focused on the most significant part of the plea agreement: the fact that defendants were pleading guilty to a conspiracy, the object of which was to violate 21 U.S.C. Sec. 841(b)(1)(C), instead of Sec. 841(b)(1)(B), the charge contained in the first count of the indictment. By agreeing to this plea, Seagers reduced his imprisonment exposure from a mandatory minimum of five years and a possible maximum of forty years to no mandatory minimum and a possible maximum of twenty years. Compare Sec. 841(b)(1)(B) with Sec. 841(b)(1)(C). When asked about the plea, the Government thus informed the court "that defendants will agree to plead to a lesser-included offense of Count 1 of the superseding indictment, which is a violation of Title 21, United States Code, Section 841(b)(1)(C)."
 
 
 6
 The defendants, including Seagers, acknowledged that they wished to plead guilty to counts one and three of the indictment. The court explained count one to the defendants as follows:
 
 
 7
 You understand that you are charged in Count 1, that is, in the lesser-included offense of Count 1, to which you offered to plead guilty[,] with participating in an unlawful agreement to distribute and to possess with intent to distribute a Schedule II controlled substance, specifically, crack cocaine....
 
 
 8
 Although the court used the term "unlawful agreement" instead of "conspiracy" in explaining count one, use of the term "conspiracy" was not required to comply with Rule 11 of the Federal Rules of Criminal Procedure. Judge Mukasey plainly satisfied his obligation to ensure that Seagers understood the nature of the charges to which he was pleading by explaining them in layman terms.
 
 
 9
 When the court subsequently asked Seagers if he wished to plead guilty to the charges explained by the court, Seagers responded, "Yes." Seagers then provided the factual basis for the charges by stating that "[m]e and my co-conspirators sold crack in apartment 3C." His counsel agreed that this provided a sufficient factual basis for the plea. Before the allocution concluded, Seagers also acknowledged that he had received a copy of the indictment and discussed with his lawyer the charges to which he pleaded guilty. Based on the foregoing circumstances, we easily conclude that Seagers fully understood that he was pleading guilty to a conspiracy charge in count one.
 
 
 10
 While a faulty plea may be reviewed on appeal even though there has been no previous attempt to withdraw it, United States v. Ferrara, 954 F.2d 103, 106 (2d Cir.1992), we find it informative that Seagers never presented his current Rule 11 argument to the district court. Although Seagers raised objections to his plea on two occasions, first in a preliminary sentencing hearing and again in a pro se letter to the court, he did not question whether he had pleaded guilty to a conspiracy charge until the day before his sentencing. The issue was raised by newly appointed counsel who stated at the sentencing hearing that the transcript of the plea allocution led him to believe that Seagers had pleaded guilty to a possession count, not a conspiracy count. Counsel concluded that the distinction did not make a difference because the law regarding the weight of the drugs was the same for each offense. In fact, as Seagers admits, the district court's sentencing calculations would be the same for either a possession or a conspiracy charge. Counsel did not request that Seagers's plea be vacated for an alleged failure to comply with Rule 11 until his brief on appeal. This history strongly suggests that Seagers's current argument is nothing more than a last-minute, post-hoc attempt to create misunderstandings where none truly exist.
 
 The Guidelines' Treatment of Crack
 
 11
 Seagers also argues that the Sentencing Guidelines arbitrarily treat one gram of crack cocaine as the equivalent of one hundred grams of powder cocaine, resulting in an unconstitutionally disparate impact on African-Americans. Seagers contends that African-Americans constitute a higher proportion of crack offenders than powder cocaine offenders, relying on statistics cited in State v. Russell, 477 N.W.2d 886 (Minn.1991) (en banc ), indicating that in Minnesota in 1988, African-Americans constituted 96.6% of all persons charged with possession of crack cocaine, while whites constituted 79.6% of all persons charged with possession of powder cocaine. Id. at 887 n. 1.
 
 
 12
 The "100 to 1 ratio" of powder cocaine to crack cocaine found in the Guidelines, see U.S.S.G. Sec. 2D1.1(c), Drug Quantity Table, is derived directly from Sec. 841(b)(1) of Title 21, which mandates the same minimum sentence for crimes involving five grams or more of crack cocaine as it does for crimes involving 500 grams or more of powder cocaine. Compare 21 U.S.C. Sec. 841(b)(1)(B)(iii) with 21 U.S.C. Sec. 841(b)(1)(B)(ii)(II). We consider Seagers's claim as a challenge to Sec. 841(b)(1) of Title 21 and Sec. 2D1.1(c) of the Guidelines under the equal protection component of the Fifth Amendment's Due Process Clause. See Bolling v. Sharpe, 347 U.S. 497, 499-500, 74 S.Ct. 693, 694-695, 98 L.Ed. 884 (1954); United States v. Edwards, 960 F.2d 278, 283 (2d Cir.1992).
 
 
 13
 Seagers does not contend that either Congress or the Federal Sentencing Commission acted with discriminatory intent; accordingly, we will not subject either Sec. 841(b)(1) or Sec. 2D1.1(c) to heightened scrutiny. See Personnel Adm'r v. Feeney, 442 U.S. 256, 272, 99 S.Ct. 2282, 2293, 60 L.Ed.2d 870 (1979) ("[E]ven if a neutral law has a disproportionately adverse effect upon a racial minority, it is unconstitutional under the Equal Protection Clause only if that impact can be traced to a discriminatory purpose."); Washington v. Davis, 426 U.S. 229, 242, 96 S.Ct. 2040, 2049, 48 L.Ed.2d 597 (1976). Rather, we will only look to see whether the challenged sentencing scheme has a rational basis, that is, whether it is rationally related to a legitimate governmental purpose. Schweiker v. Wilson, 450 U.S. 221, 230, 101 S.Ct. 1074, 1080, 67 L.Ed.2d 186 (1981). See also United States v. Harding, 971 F.2d 410, 412 (9th Cir.1992) (defendant's equal protection challenge to Sec. 841(b)(1)'s distinction between crack and powder cocaine subject to rational basis scrutiny), cert. denied, --- U.S. ----, 113 S.Ct. 1025, 122 L.Ed.2d 170 (1993).
 
 
 14
 Although we have not ruled directly on a claim like Seagers's in the past, we addressed a similar argument in United States v. Haynes, 985 F.2d 65, 70 (2d Cir.1993). There, we rejected defendants' argument that the disparate impact that the Guidelines' provision of harsher penalties for crack cocaine has on African-Americans should be a ground for granting a downward departure. We stated:
 
 
 15
 A downward departure may not be predicated on the fact that penalties for cocaine crack are more severe than those involving cocaine. A departure on such basis is not permitted because the enhanced penalties for crack reflect a rational and specific congressional aim of deterring drug transactions involving crack. The purpose is obvious--crack cocaine is the most addictive and destructive form of cocaine, and because it is also cheaper it is more widely available and has had therefore a corresponding increase in usage.
 
 
 16
 Id. This passage makes plain our view that Congress had a valid reason for mandating harsher penalties for crack as opposed to powder cocaine: the greater accessibility and addictiveness of crack. See also United States v. Buckner, 894 F.2d 975, 978-79 & n. 9 (8th Cir.1990) (detailing congressional hearings in which legislators and drug abuse experts commented on the perils of crack versus powder cocaine). Because we believe that treatment of one gram of crack cocaine as the equivalent of 100 grams of powder cocaine is rationally related to the legitimate governmental purpose of protecting the public against the greater dangers of crack cocaine, we reject Seagers's equal protection challenge to this sentencing scheme. See United States v. Pineda, 847 F.2d 64, 65 (2d Cir.1988) (sentencing guideline cannot be overturned on equal protection grounds in absence of evidence that Congress had no rational basis for enacting statute).
 
 
 17
 In reaching this conclusion, we join six other circuits that have similarly held that the Guidelines' 100 to 1 ratio of powder cocaine to crack cocaine has a rational basis and does not violate equal protection principles. See United States v. Reece, 994 F.2d 277, 278-79 (6th Cir.1993) (per curiam); United States v. Williams, 982 F.2d 1209, 1213 (8th Cir.1992); United States v. Frazier, 981 F.2d 92, 95 (3d Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1661, 123 L.Ed.2d 279 (1993); United States v. Galloway, 951 F.2d 64, 65-66 (5th Cir.1992) (per curiam); United States v. Turner, 928 F.2d 956, 959-60 (10th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 230, 116 L.Ed.2d 187 (1991); and United States v. Lawrence, 951 F.2d 751, 754-55 (7th Cir.1991). Although not directly referring to the 100 to 1 ratio challenged by Seagers, four other circuits have also rejected equal protection challenges to the enhanced penalty structure for crack offenses. See United States v. King, 972 F.2d 1259, 1260 (11th Cir.1992) (per curiam); United States v. Harding, 971 F.2d 410, 412-14 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1025, 122 L.Ed.2d 170 (1993); United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir.1990); and United States v. Cyrus, 890 F.2d 1245, 1248 (D.C.Cir.1989). But see United States v. Willis, 967 F.2d 1220, 1226-27 (8th Cir.1992) (Heaney, J., concurring) (criticizing 100 to 1 ratio); Russell, 477 N.W.2d at 888 (invalidating Minnesota's differential penalty scheme for crack and powder cocaine under equal protection clause of Minnesota Constitution).
 
 
 18
 We have carefully considered the other points raised by defendant and find them to be without merit. For the reasons set forth above, the judgment of the district court is affirmed.
 
 
 
 *
 Honorable T.F. Gilroy Daly, United States District Judge for the District of Connecticut, sitting by designation