06-4933-cr
U.S.A. v. Lee

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2007

(Submitted: April 11, 2008)        Decided: April 17, 2008)

Docket No. 06-4933-cr

UNITED STATES OF AMERICA,

       *Appellee*,

       v.

CATHY LEE,

       *Defendant-Appellant.*

Before: CABRANES and WESLEY, *Circuit Judges*, and Castel, *District Judge.**

Appeal from a judgment of conviction entered by the U.S. District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*). The United States moved to dismiss the appeal on the ground that, pursuant to a plea agreement, appellant waived her right to file an appeal. We conclude that Lee's waiver of her right to appeal her sentence is valid and therefore grant the government's motion to dismiss.

Dismissed.

> Benton J. Cambell, U.S. Attorney for the Eastern District of New York (Peter A. Norling, Susan Corkery, Assistant U.S. Attorneys, *on the brief*), Brooklyn, NY, *for Appellee United States of America.*

---

* The Honorable P. Kevin Castel, of the United States District Court for the Southern District of New York, sitting by designation.

1

Laurie S. Hershey, Manhasset, NY, *for Defendant-Appellant Cathy Lee.*

JOSÉ A. CABRANES, *Circuit Judge*:

Defendant-Appellant Cathy Lee appeals from a judgment of conviction entered by the U.S. District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*). Lee pleaded guilty, pursuant to a plea agreement, to one count of possession with intent to distribute fifty grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). On appeal, she contends that her sentence of 120 months' incarceration—the mandatory minimum sentence associated with her offense of conviction—violates 18 U.S.C. § 3553(a), the requirement that a sentence be reasonable, her right to equal protection under the law, and the Eighth Amendment's ban on cruel and unusual punishment, in light of the disparity between the quantities of powder cocaine and crack cocaine necessary to trigger this mandatory minimum sentence. The government, noting that Lee signed a plea agreement in which she agreed "not [to] file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 188 months or below," moves to dismiss Lee's appeal. For the reasons set forth below, we agree that Lee has waived her appeal rights and therefore dismiss her appeal.

## DISCUSSION

The sole issue raised by Lee on appeal concerns the disparity—a 100:1 ratio—between the quantity of powder cocaine and crack cocaine necessary to trigger a statutory ten-year mandatory minimum sentence. She does not otherwise contest the validity of her plea agreement, conviction or sentence. The government has moved to dismiss Lee's appeal in light of her agreement to not appeal a sentence of imprisonment less than or equal to 188 months and her receipt of a sentence of imprisonment of only 120 months.

As we have previously recognized, "[i]t is . . . well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable." *United States v. Djelevic*, 161 F.3d 104, 106 (2d Cir. 1998). We have nevertheless recognized an exception to that general proposition when the court's "arguably unconstitutional" consideration of a factor, such as status as a naturalized citizen, is alleged to have influenced sentencing. *United States v. Jacobson*, 15 F.3d 19, 23 (2d Cir. 1994); *see also United States v. Johnson*, 347 F.3d 412, 419 (2d Cir. 2003) (indigency); *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). Lee contends that her appeal falls within that exception because race-based discrimination affected her sentence. She does not allege, however, that the District Court considered her race—or any other suspect factor—when imposing sentence; nor is there any evidence whatsoever in the record that would support such an allegation. Instead, Lee argues that the statutory minimum sentence is itself discriminatory because the disparity between the quantities of powder cocaine and crack cocaine that trigger it has an adverse racial impact. This allegation, which has no bearing on whether the District Court considered an impermissible factor when imposing sentence, does not fall within the waiver exception outlined above for appeals claiming that bias influenced a sentencing court's decision; nor does it present any other compelling reason for us to deem Lee's appeal waiver unenforceable. Accordingly, we find Lee's waiver valid and enforceable.

In any event, we have already rejected Lee's equal-protection challenge to the powder cocaine–crack cocaine disparity embodied in an Act of Congress. *See United States v. Stevens*, 19 F.3d 93, 97 (2d Cir. 1994) ("Because we believe that treatment of one gram of crack cocaine as the equivalent of 100 grams of powder cocaine is rationally related to the legitimate governmental purpose of protecting the public against the greater dangers of crack cocaine, we reject [the] equal protection challenge to this sentencing scheme."). Lee argues that the legal landscape has changed since we decided *Stevens*, relying

3

on the Supreme Court's recent decision that judges "may consider the disparity between the *Guidelines'* treatment of crack and powder cocaine offenses" when imposing sentence. *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007) (emphasis added). It is not apparent to us that the principles set forth in *Kimbrough* have any application to mandatory minimum sentences imposed by *statute*.

Even if they did, however, Lee would not be able to benefit from this new precedent. As we held in *United States v. Morgan*, a defendant's "inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." 406 F.3d 135, 137 (2d Cir. 2005) (footnotes omitted). In *United States v. Roque*, we applied this principle to a claim arising from the Supreme Court's then-recent decision, in *United States v. Booker*, 543 U.S. 220 (2005), that the U.S. Sentencing Guidelines were advisory rather than mandatory. 421 F.3d 118 (2d Cir. 2005). We held that "an otherwise valid plea agreement and waiver of right to appeal sentence, entered into before [*Booker*], is enforceable even if the parties, at the time they entered into the agreement, erroneously believed that the United States Sentencing Guidelines were mandatory rather than advisory." *Id.* at 124. That reasoning would apply equally to any impact *Kimbrough* may have on Lee's sentence; therefore, neither *Kimbrough* nor any other legal "developments" constitute grounds for finding Lee's appeal waiver unenforceable.

## CONCLUSION

For the reasons stated above, we conclude that the appeal waiver set forth in Lee's plea agreement is valid and enforceable. The appeal is therefore DISMISSED.

4