**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4576

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

IJAZ OLIVER,

             Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  David A. Faber, Chief
District Judge.  (2:06-cr-00145-1)

Submitted:  May 12, 2008            Decided:  June 2, 2008

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Barron M. Helgoe, VICTOR, VICTOR & HELGOE, LLP, Charleston, West
Virginia, for Appellant.  Charles T. Miller, United States
Attorney, Erik S. Goes, Assistant United States Attorney,
Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ijaz Oliver pled guilty pursuant to a plea agreement to one count of conspiracy to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000). In the plea agreement, Oliver waived his right to appeal the reasonableness of any sentence imposed within the properly calculated Sentencing Guidelines range of imprisonment. Oliver was sentenced within the Guidelines range of imprisonment. On appeal, he claims the district court erred by not considering the crack cocaine/powder cocaine sentencing disparity. He further argues a remand is appropriate for resentencing consistent with Guidelines Amendment 706, which was retroactive as of March 3, 2008, see USSG § 1B1.10(c). Because we find the appeal waiver enforceable, we dismiss the appeal.

We find Oliver's appeal waiver was knowing and voluntary and should not be disturbed. We note Oliver does not challenge the validity of the appeal waiver. He argues, however, that his claim that the district court erred by not considering a downward departure based on the crack cocaine/powder cocaine sentencing disparity is not foreclosed by his appeal waiver. The Supreme Court held in Kimbrough v. United States, 128 S. Ct. 558 (2007), that the crack cocaine Guidelines are advisory and a district court may impose a lower sentence because of the crack/powder disparity. However, Oliver's sentence was within the Guidelines and his appeal

- 2 -

waiver was knowing and voluntary.  Thus, this court may not review the district court's decision to deny a downward departure based on the sentencing disparity despite a change to the law.  United States v. Blick, 408 F.3d 162, 170-71 (4th Cir. 2005) (holding that waiver of right to appeal in a plea agreement accepted before decision in United States v. Booker, 543 U.S. 220 (2005), was not invalidated by change in law); see also United States v. Lee, __ F.3d __, 2008 WL 1745141 (2d Cir. Apr. 17, 2008) (appeal waiver was enforceable despite the fact that Kimbrough would have permitted court to consider the crack/powder cocaine disparity).

We decline to remand the case to the district court for resentencing for the purpose of allowing the court to consider Guidelines Amendment 706, which was retroactive as of March 3, 2008, see USSG § 1B1.10(c).  Oliver may file a motion for a sentence reduction based on the amendment.  See United States v. Brewer, 520 F.3d 367, 373 (4th Cir. 2008).

Accordingly, because of Oliver's appeal waiver, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED