**UNITED STATES of America,**
**Appellee,**

v.

**Nakem LATEEF, Defendant–Appellant.**

**No. 07–0704–cr.**

United States Court of Appeals, Second Circuit.

Nov. 25, 2008.

1. The Honorable John F. Keenan of the United States District Court for the Southern District of New York sitting by designation.

Malvina Nathanson, New York, N.Y., for Appellant.

Christian R. Everdell, Assistant United States Attorney, of counsel (Daniel A. Braun, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Defendant appeals his sentence for conspiracy to distribute and possess with intent to distribute at least fifty grams of cocaine base, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

### I. Conditions of Supervised Release

Defendant argues that he was not present when several of the special terms of supervised release were imposed and therefore those terms must be stricken. A defendant must be present when his sentence is imposed, *see* Fed.R.Crim.P. 43(a)(3), and therefore "[i]t is the oral sentence which constitutes the judgment of the court[.] ... The written commitment is mere evidence of [it]." *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir.1974) (internal quotation marks and citation omitted). For this reason, if there is a conflict between the oral sentence and later written judgment, the oral sentence prevails. *See United States v. Rosario*, 386 F.3d 166, 168 (2d Cir.2004). If, however, conditions of supervised release that are described in the written judgment may be said to clarify and not conflict with the sentence pronounced orally, then the condition may stand. *See, e.g., United States v. Asuncion–Pimental*, 290 F.3d 91, 94–95 (2d Cir.2002) (per curiam).

It appears that in the case before us, the District Court did orally announce the challenged conditions of supervised release, doing so by reference to the conditions in the PSR, by stating that "[a]ll of the mandatory[,] standard[,] and special conditions are imposed." We have held that it is sufficient for a judge to adopt by reference conditions of supervised release contained in the PSR. *See United States v. Thomas*, 299 F.3d 150, 152 (2d Cir.2002) (observing that a court may "indicate that it would incorporate the conditions listed in the PSR"); *cf. United States v. Thompson*, 76 F.3d 442, 457 (2d Cir.1996) (holding that a court made sufficient factual findings when it adopted by reference the factual findings in a PSR). Although the District Court did not specifically use the word "PSR," it was clear from context that the court was referring to conditions listed in the PSR, something that was made explicit when the Government confirmed as much. *See United States v. Martin*, 157 F.3d 46, 50 (2d Cir.1998). We therefore affirm the conditions of supervised release in the written judgment.

### II. Remand for Resentencing

Defendant further argues that in light of *Kimbrough v. United States*, — U.S.

——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and the now-retroactive amendments to the Guidelines pertaining to crack cocaine offenses, we should remand for resentencing. Because Defendant has waived his right to appeal a sentence, such as the one he received, we dismiss this appeal.

We will generally enforce an appeal waiver provided that the waiver is knowing and voluntary. *See United States v. Ready*, 82 F.3d 551, 556 (2d Cir.1996). So long as the waiver is knowing and voluntary, there are only very narrow circumstances under which we will permit an appeal. *See United States v. Gomez–Perez*, 215 F.3d 315, 319 (2d Cir.2000). No such condition for ignoring a waiver of the right to appeal is present in the case before us. We have held that an appellate waiver is enforceable notwithstanding *Kimbrough* and the amended Guidelines. *See United States v. Jones*, 531 F.3d 163, 180 n. 9 (2d Cir.2008) (citing *United States v. Lee*, 523 F.3d 104, 107 (2d Cir.2008)). Defendant tries to distinguish *Lee* (and presumably *Jones* ) by arguing that in *Lee,* the defendant was subject to a mandatory minimum which made a remand in light of *Kimbrough* futile, but this probably was not the crux of the *Lee* court's reasoning. *See Lee,* 523 F.3d at 106–107.

As the Government concedes, Defendant's waiver, however, does not limit his right to file a motion in the district court pursuant to 18 U.S.C. § 3582(c)(2) for a reduced sentence in light of the retroactive 2007 amendments. *See Jones,* 531 F.3d at 180 n. 9. Such a motion, however, is one that should initially be directed to the District Court. *See United States v. Regalado,* 518 F.3d 143, 150–51 (2d Cir.2008) (stating that district courts now have jurisdiction under 18 U.S.C. § 3582(c)(2) to modify previously imposed crack-cocaine sentences); *United States v. Colon,* 961

F.2d 41, 45–46 (2d Cir.1992) (noting, in reaction to past retroactive Guidelines amendments, that such amendments do not warrant our vacating a sentence but rather that the correct course of action is a motion to the district court under 18 U.S.C. § 3582(c)(2)); *see also United States v. Taylor,* 520 F.3d 746, 748–49 (7th Cir.2008); *United States v. Brewer,* 520 F.3d 367, 373 (4th Cir.2008); *United States v. Wise,* 515 F.3d 207, 220, 221 (3d Cir. 2008).

### III. Conclusion

We have considered after argument all of Defendant–Appellant's arguments and have found them to be without merit. Accordingly, the written judgment of the District Court regarding the conditions of supervised release is **AFFIRMED** and the appeal regarding the length of Defendant's sentence is **DISMISSED.**