**UNITED STATES of America,**
**Appellee,**

v.

**Rocky SAMAS, Defendant–Appellant.**

**No. 05–5213–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 9, 2008.

---

**90**

Charles F. Willson, Nevins & Nevins LLP, East Hartford, CT, for Appellant.

William J. Nardini, Assistant United States Attorney, and Sandra S. Glover, Assistant United States Attorney (of counsel), for Nora R. Dannehy, Acting United States Attorney for the District of Connecticut, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Rocky Samas appeals from a judgment of conviction entered by the United States District Court for the District of Connecticut (Hall, J.) on September 29, 2005. Samas pleaded guilty to two counts of possession with intent to distribute and distribution of five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Counts Two and Three); one count of possession with intent to distribute and distribution of fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count Four); and one count of possession with intent to distribute and distribution of 500 grams or more of cocaine and five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Five). The district court sentenced Samas principally to the mandatory minimum term of 240 months' imprisonment on Count Four. The district court also sentenced Samas to concurrent sentences of 151 months on Counts Two, Three, and Five. We review Samas' claims for plain error. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

■ Samas argues that the mandatory sentencing scheme in 21 U.S.C. § 841(b) violates the Equal Protection Clause of the Fourteenth Amendment because there is no rational basis for the disparity between sentences for crack and powder cocaine. We have repeatedly rejected this argument. *See United States v. Regalado*, 518 F.3d 143, 149 n. 3 (2d Cir.2008) (per curiam); *United States v. Moore*, 54 F.3d 92, 97–99 (2d Cir.1995); *United States v. Then*, 56 F.3d 464, 466 (2d Cir.1995); *United States v. Stevens*, 19 F.3d 93, 96–97 (2d Cir.1994). Samas contends that the Supreme Court's recent decision in *Kimbrough v. United States*, —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), casts doubt on the continued validity of the 100–to–1 crack to powder cocaine ratio. Samas offers no persuasive argument as to why the decision necessarily abrogates our precedents. *Cf. United States v. Lee*, 523

F.3d 104, 106 (2d Cir.2008) (stating in dicta "[i]t is not apparent to us that the principles set forth in *Kimbrough* have any application to mandatory minimum sentences imposed by statute.") Accordingly, we reject Samas' position.

 Samas argues that the introductory language in 18 U.S.C. § 3553(a) conflicts with the mandatory sentencing provisions set forth in § 841(b). Section 3553(a) directs district courts, in relevant part, to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Samas argues that the balancing required under this provision is incompatible with a mandatory sentencing scheme. However, nothing in the language of § 3553(a) constrains Congress's ability to set a sentencing floor for certain offenses. Moreover, several provisions of the United States Code undermine Samas' argument. First, § 3553(a) states that "in determining the particular sentence to be imposed, [the court] shall consider ... (3) the kinds of sentences available," wording that assumes discretion will be limited in some cases. Second, the introductory language of the federal sentencing scheme states that *"[e]xcept as otherwise specifically provided,* a defendant who has been found guilty of an offense described in any Federal statute ... shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) ...." 18 U.S.C. § 3551(a) (emphasis added). In this case, § 841(b)(1)(A) specifically provides for a mandatory sentence of twenty years. Third, 18 U.S.C. § 3553(f) enumerates specific circumstances in which a district court may depart from a statutory minimum sentence—provisions that would be surplusage if we adopted Samas' interpretation of § 3553(a). Accordingly, we reject Samas' effort to avoid the mandatory minimum sentence in § 841(b)(1)(A).

 Samas' final argument is that we should remand to the district court for resentencing on Counts Two, Three, and Five pursuant to *Regalado,* 518 F.3d at 149, because the district court might not have recognized its discretion to depart from the sentencing guidelines based on the crackpowder cocaine disparity. Even if the district court erroneously imposed sentences of 151 months on Counts Two, Three, and Five, Samas cannot show (as he must for plain error review) that the error affected his substantial rights because those sentences are to run concurrently with the mandatory minimum sentence of 240 months on Count Four. *See United States v. Outen,* 286 F.3d 622, 640 (2d Cir.2002) ("[A]n erroneous sentence on one count of a multiple-count conviction does not affect substantial rights where the total term of imprisonment remains unaffected ....").

We have considered Samas' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**