SUMMARY ORDER
The Government has moved to dismiss the appeal of Gregory Moore on the ground that he had entered into an agreement to waive his appellate rights and then appealed his sentence. It is well-settled in this Court that “a defendant’s knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable.” United States v. Djelevic, 161 F.3d 104, 106 (2d Cir.1998). This Court has also held that, “[i]n no circumstance ... may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement.” United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.1993); see also United States v. Morgan, 406 F.3d 135, 137-38 (2d Cir. 2005).
Moore pleaded guilty pursuant to a written plea agreement with the Government in which he stipulated that he would not appeal a sentence within or below the Guidelines range. Moore received a Guidelines range sentence. The record indicates that Moore’s waiver was valid because he knowingly and voluntarily waived his right to appeal.**
Moreover, as applicable to Moore’s appeal we have previously held that a defendant who has waived his right to appeal and then attempted to challenge his sentence based on the Supreme Court’s subsequent decision in Kimbrough v. United States, — U.S. -, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), may not do so. See United States v. Lee, 523 F.3d 104, 107 (2d Cir.2008) (noting that a defendant’s “inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver” and concluding that “neither Kimbrough nor any other legal ‘developments’ constitute grounds for finding [the defendant’s] appeal waiver unenforceable.”) (internal quotations omitted).
For the foregoing reasons, the Government’s motion to dismiss Moore’s appeal is GRANTED, and the appeal is DISMISSED.

 THE COURT: [B]ecause of your agreement with the government, if I do sentence you to 115 months or less, you have agreed with the government not to appeal or collaterally attack your sentence. Do you understand that?
THE DEFENDANT: Yes.
Moore Plea proceeding Tr. 11:6-11, Nov. 8, 2006.