

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-27-2009

# USA v. Marshall

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4778

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Marshall" (2009). *2009 Decisions.* Paper 1984.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1984

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4778

———————

UNITED STATES OF AMERICA

v.

BURTRAN MARSHALL,
                                         Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Crim. No. 05-cr-00100-1)
District Judge:  The Honorable Sue L. Robinson

———————

Submitted Under Third Circuit LAR 34.1(a)
January 15, 2009

———————

Before: SLOVITER, BARRY, and SILER, JR.,[*] Circuit Judges

(Opinion Filed: January 27, 2009 )

———————

OPINION

———————

————————————————

[*]  The Honorable Eugene E. Siler, Jr., Senior Circuit Judge, United States Court of
Appeals for the Sixth Circuit, sitting by designation.

BARRY, Circuit Judge

Appellant Burtran Marshall pled guilty to a single count of possession with the intent to distribute more than 50 grams of cocaine base. *See* 21 U.S.C. § 841. A minimum sentence of ten years was statutorily mandated and a Guidelines range of 108 to 135 months was computed. The District Court sentenced Marshall to 130 months' imprisonment. Marshall filed this timely appeal. We will affirm.

## I.

In the summer of 2003, the Wilmington, Delaware police department received a tip from a confidential informant that Marshall was engaged in drug trafficking in the City of Wilmington. Acting on this tip, the police orchestrated two controlled buys of crack cocaine from Marshall, after which they arrested him, and obtained a warrant to search his apartment. During the search, approximately 370 grams of crack cocaine were discovered. Marshall was indicted by a grand jury in the District of Delaware for possession with intent to distribute. In June 2007, he pled guilty to that charge. Before sentence was imposed, the United States Sentencing Commission amended the Sentencing Guidelines applicable to crack cocaine cases. Under this amendment, Marshall faced a range of 108 to 135 months. However, and as noted above, he also faced a ten-year mandatory minimum, and was sentenced to a term of imprisonment of 130 months, a within-Guidelines sentence, ten months above the mandatory minimum.

## II.

Marshall contends that his sentence was unreasonable because the District Court did not adequately consider the relevant 18 U.S.C. § 3553(a) factors and the disparity between sentences in crack cocaine cases and powder cocaine cases. He also contends that the ten-year mandatory minimum sentence constitutes cruel and unusual punishment. None of these contentions has merit.

### A.

The District Court's discussion of the § 3553(a) factors was quite brief.

> It is not usual for a defendant in your circumstances to come from such a stable home. It is unusual for someone to come from such a stable home to basically have wasted that opportunity that you were given. I don't see much positive happening in your life since you took this path [of criminal conduct] in the 11th grade. . . .
>
> You have demonstrated for me no respect for your family, no respect for the community . . . , and certainly no respect for the law. . . .
>
> So, in any event, I have considered all the factors set forth under Title 18 of the United States Code, Section 3553(a). I have read the memoranda. I have listened to [defense counsel] and [the prosecutor]. I've considered all of these things. And . . . it is the judgment of the Court that the defendant, Burtran K. Marshall, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 130 months.
>
> The Court has considered all of the factors set forth under Title 18 of the United States Code, Section 3553(a), and finds this sentence to be reasonable and appropriate.
>
> Based on the serious nature of the offense and the history and characteristics of this defendant, the imposed sentence promotes deterrence, respect for the law, provides just punishment and protect [sic] the public from any further crime committed by this particular defendant.

(App. 80-81.)

The District Court's discussion, albeit brief, was sufficient to justify the sentence.

The Court considered the statutory factors, applied them to Marshall's circumstances, and thus met the requirements for individualized sentencing.

Marshall's contention as to the crack-powder disparity can be easily dismissed. He received the benefit of the Sentencing Commission's crack cocaine Guidelines amendment, and the District Court was entirely justified in declining to grant further relief on this basis. Simply put, nothing in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), *requires* a District Court to sentence a crack cocaine defendant at the same or a similar level as it would sentence a powder cocaine defendant.

In sum, Marshall's within-Guidelines sentence was eminently reasonable, both procedurally and substantively. *Cf. Rita v. United States*, 127 S. Ct. 2456, 2463 (2007) (observing that, on appellate review, a sentence within the Guidelines range will more likely be reasonable because both the Commission and the District Court reached the "*same* conclusion as to the proper sentence") (emphasis in original).

## B.

Marshall contends that the ten-year mandatory minimum sentence imposed by Congress for the crime he committed constitutes cruel and unusual punishment in violation of the Eighth Amendment both because the sentence is disproportionate to his crime, and disproportionate when compared to the sentences of powder cocaine

defendants. This argument is without merit.[1] *See, e.g.*, *United States v. Albino*, 432 F.3d 937, 938 (9th Cir. 2005) (ten-year mandatory minimum for possession of 1000 or more marijuana plants is not violative of the Eighth Amendment); *United States v. Frazier*, 981 F.2d 92, 95-96 (3d Cir. 1992) (finding that crack-powder disparity does not constitute cruel and unusual punishment); *see also United States v. Lee*, 523 F.3d 104, 106-07 (2d Cir. 2008) (holding that *Kimbrough* has no application to *statutory* minimums).

## III.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.

---

[1] Counsel seems to acknowledge this fact: he includes two footnotes observing that Marshall asked him to preserve the issue for appeal. (*See* Appellant's Br. 9 n.3; *id.* at 24 n.4.)