08-2244-cr
USA v. Morales

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand and eleven.

PRESENT:

JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,

*Circuit Judges,*

JOHN G. KOELTL,

*District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

*Appellee,*

-v.-                                                                                No. 08-2244-cr

ROBERT MORALES,

*Defendant-Appellant.*

---

[*] The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR DEFENDANT-APPELLANT:        LAW OFFICE OF ROBERT A. CULP, Garrison, NY.

FOR APPELLEE:                    JUSTIN ANDERSON, Assistant United States Attorney (Preet Bharara, United States Attorney, and Jesse M. Furman, *on the brief)*, United States Attorney's Office for the Southern District of New York, New York, NY.

Appeal from an April 28, 2008 judgment of the United States District Court for the Southern District of New York (Leonard B. Sand, *Judge)*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

On January 28, 2008, Robert Morales ("defendant" or "Morales") pleaded guilty pursuant to a plea agreement to one count of possession with intent to distribute 50 grams and more of cocaine base, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A); and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). In exchange for the defendant's guilty plea, the government refrained from filing other felony informations that would have subjected Morales to a mandatory term of life imprisonment for his conviction on the count of possession with intent to distribute.

On April 28, 2008, the District Court sentenced Morales principally to 262 months' imprisonment for the narcotics charge and 60 months' imprisonment for the firearms charge, to be served consecutively. Morales filed a timely appeal. We assume the parties' familiarity with the remaining factual and procedural history of the case.

(i)

On appeal, Morales argues that his case should be remanded for resentencing because the District Court applied the five-year mandatory minimum sentence for a weapons conviction under 18 U.S.C. § 924(c) consecutively to the ten-year mandatory minimum sentence for a narcotics conviction under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). Morales asserts that this sentence was unlawful in light of our decisions in *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), and *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009), which were issued after his sentence was imposed and which held that a defendant may not be sentenced to imprisonment under 18 U.S.C. § 924(c) if he is subject to a greater mandatory minimum for a separate offense in the same case.

The threshold question is whether Morales knowingly and voluntarily waived his right to appeal his sentence on the grounds of a *Whitley/Williams* error. We find that he did.[1] Morales pleaded guilty pursuant to a plea agreement ("the Agreement") that provided, in relevant part:

---

[1] For this reason, we need not address the apparent conflict between *Whitley* and *Williams* and the U.S. Supreme Court's recent decision in *Abbott v. United States*, __ U.S. __, 2010 WL 4569898 (Nov. 15, 2010).

> It is agreed (i) that the defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range set forth above and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. It is further agreed that any sentence within the Stipulated Guidelines range is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

We repeatedly have held that a defendant's knowing and voluntary waiver of the right to appeal a sentence is generally valid and enforceable. *See, e.g., United States v. Perason*, 570 F.3d 480, 485 (2d Cir. 2009); *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005) ("*Morgan II*"). This rule "recognizes that plea agreements can have extremely valuable benefits to both sides—most notably, the defendant gains reasonable certainty as to the extent of his liability and punishment, and the Government achieves a conviction without the expense and effort of proving the charges at trial beyond a reasonable doubt." *United States v. Morgan*, 386 F.3d 376, 380 (2d Cir. 2004) ("*Morgan I*") (internal quotation marks omitted).

Here, the record shows that the District Court specifically called Morales' attention to the appellate waiver during the plea proceeding and verified that he understood that "pursuant to the plea agreement," he could not file "a direct appeal nor litigate any sentence within or below the [stipulated] guideline range." This is sufficient to establish the knowing and voluntary nature of Morales' decision to sign the Agreement and to forego appeal under the specified circumstances. *See United States v. Ready*, 82 F.3d 551, 557 (2d Cir. 1996).

Morales asserts, however, that he only waived his right to challenge "the Stipulated Guidelines Range," *not* his right to challenge the application of a statutory mandatory minimum. We are unpersuaded by the defendant's argument. The Agreement precluded Morales from challenging a sentence within or below the Stipulated Guidelines Range. The sentence was indisputably within that range. The waiver was not limited to any particular type of argument but to the sentence that was imposed. Moreover, the Agreement's Stipulated Guidelines Range of 322–387 months relied in part upon the application of a 60-month mandatory minimum imposed under § 924(c). Morales' challenge to the mandatory minimum is necessarily a challenge to a sentence within the Stipulated Guidelines Range. Accordingly, we hold that Morales waived this claim.

(ii)

Morales also argues that we should remand the case for resentencing in light of the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372 (2010), which lowered the crack-powder ratios in the Guidelines and raised the quantities necessary to trigger mandatory minimum sentences. We decline to remand for resentencing because, again, Morales' appellate waiver proscribes his right to appeal on this basis (as he effectively concedes in his letter to the Court of November 22, 2010). Legal developments favorable to the defendant do not constitute grounds for finding an appellate waiver unenforceable merely because they occurred subsequent to the plea agreement. *See United States v. Lee*, 523 F.3d 104, 107 (2d Cir. 2008); *United States v. Oladimeji*, 463 F.3d 152, 155-56 (2d

Cir. 2006) ("[T]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.") (internal quotation marks omitted).

## **CONCLUSION**

We have considered each of the defendant's arguments in turn and find them to be without merit.  The defendant's appeal is **DISMISSED** insofar as it asserts claims that fall within the scope of his appellate waiver; in all other respects, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court