12-3421-cr
United States v. DeRuggiero

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 14th day of March, two thousand fourteen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
             JOSÉ A. CABRANES,
                        *Circuit Judge*,
             RICHARD M. BERMAN,
                        *District Judge.*[*]

_____

UNITED STATES OF AMERICA

                        *Appellee*,

                 v.                                    No. 12-3421-cr

SALVATORE DERUGGIERO,

                        *Defendant,*

JOHN DERUGGIERO,

                        *Defendant-Appellant.*

_____

_____

[*] The Honorable Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

For Appellee:                       Abigail S. Kurland and Justin S. Weddle, Assistant United
                                    States Attorneys, *for* Preet Bharara, United States Attorney for
                                    the Southern District of New York, New York, NY

For Defendant-Appellant:            Michael K. Burke and Kelly M. Naughton, Burke, Miele &
                                    Golden, LLP, Goshen, NY


        Appeal from the United States District Court for the Southern District of New York
(Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

        Defendant-Appellant John DeRuggiero appeals from two judgments of conviction

entered on August 17, 2012, by the United States District Court for the Southern District of New

York (Seibel, *J.*): the first, a criminal judgment imposing on DeRuggiero a term of imprisonment

of 71 months after he pleaded guilty pursuant to a plea agreement to participating in a conspiracy

to distribute and possess with intent to distribute 100 and more marijuana plants, in violation of

21 U.S.C. § 846; and the second, a judgment for revocation of a previously imposed term of

supervised release based on the same conduct at issue in the criminal case, for which

DeRuggiero received a sentence of twelve-months' imprisonment, to run consecutive to his 71-

month sentence on the criminal charge. We assume the parties' familiarity with the underlying

facts, procedural history, and issues on appeal.

        On appeal, DeRuggiero primarily challenges the reasonableness of the district court's

decision to impose a consecutive sentence for the violation of supervised release. We review

criminal sentences for both procedural and substantive reasonableness "under a 'deferential

abuse-of-discretion standard.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en

banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)); *see also United States v. McNeil*,

2

415 F.3d 273, 277 (2d Cir. 2005) ("The standard of review on the appeal of a sentence for violation of supervised release is now the same standard as for sentencing generally: whether the sentence imposed is reasonable."). "A district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the [18 U.S.C.] § 3553(a) factors, . . . rests its sentence on a clearly erroneous finding of fact[,] . . . [or] fails adequately to explain its chosen sentence . . . ." *Cavera*, 550 F.3d at 190 (citations omitted); *see also* 18 U.S.C. § 3583(e)(3) (incorporating the  section 3553(a) factors into proceedings for revocation of supervised release). Because DeRuggiero failed to preserve his claim of procedural unreasonableness below, we review this claim only for plain error. *See United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (per curiam).

"The length of the sentence imposed is what is examined on substantive review." *United States v. Bonilla*, 618 F.3d 102, 108–09 (2d Cir. 2010). However, "we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the [18 U.S.C.] § 3553(a) considerations in any particular case"; rather, we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (emphasis and internal quotation marks omitted).

DeRuggiero first argues that the imposition of his violation sentence was procedurally unreasonable because the district court did not consider the sentencing factors listed in 18 U.S.C. § 3553(a) in sentencing him on the violation of supervised release, separate from its consideration of those factors for the 71-month criminal sentence. However, in the context of a

3

joint sentencing in which the section 3553(a) factors are discussed while sentencing the defendant for the related criminal charge, a district court's "failure to explicitly consider the section 3553(a) factors" when sentencing on the violation "does not rise to the level of plain error." *United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012). "As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005). In *Cassesse*, we found that "there is every reason to believe that [the district court] knew she had to consider, and did consider, the relevant statutory factors," since "[s]he thoroughly considered nearly identical factors during her discussion of the . . . conviction that resulted from the same criminal acts." 685 F.3d at 192. Here, the district court conducted a thorough section 3553(a) analysis only minutes before sentencing DeRuggiero on the violation for the exact same conduct. Just as in *Cassesse*, the district court's failure to expressly restate its section 3553(a) analysis in the violation context does not give rise to plain error, and DeRuggiero's procedural reasonableness challenge to his violation sentence is therefore rejected.

DeRuggiero next contends that the sentence imposed for his violation of supervised release is substantively unreasonable because an additional twelve-month sentence, to run consecutive to the 71-month sentence for the related crime, is unnecessarily punitive for a man of his advanced age and health problems. However, the district court explicitly considered DeRuggiero's health issues in imposing sentence, although it reasonably weighed more heavily DeRuggiero's extensive criminal history and demonstrated disrespect for the law in determining

its sentence. Indeed, the district court even commented that DeRuggiero's health problems would not "prevent the defendant from continuing his criminal ways if he were released." J.A. 98. Under these circumstances, the district court's decision to impose a consecutive twelve-month sentence for DeRuggiero's violation of supervised release is not outside "the range of permissible decisions." *Cavera*, 550 F.3d at 189; *see also United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir. 1997) (stating that, given a violation of supervised release, a district court has "broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum" (internal quotation marks omitted)). Accordingly, DeRuggiero's substantive reasonableness challenge also fails.

Finally, DeRuggiero argues that his criminal sentence should be remanded for resentencing in light of a new policy of the U.S. Attorney General, not in effect at the time of his indictment or sentencing, that directs prosecutors not to charge drug quantities that trigger a mandatory minimum sentence for qualifying low-level drug offenders. Regardless of the merits of this argument, DeRuggiero waived in his plea agreement his right to appeal any sentence that fell within or below the advisory Guidelines range, as his sentence here did. It is well-established that "[a] defendant's knowing and voluntary waiver of his right to appeal a conviction and sentence within an agreed upon guideline range is enforceable." *United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009) (per curiam). This rule applies even when the defendant's claim on appeal did not arise until after he agreed to the appeal waiver. *See United States v. Lee*, 523 F.3d 104, 107 (2d Cir. 2008) ("[N]either [a subsequent Supreme Court decision] nor any other legal 'developments' constitute grounds for finding [an] appeal waiver unenforceable."). Therefore, we refuse to consider DeRuggiero's request for resentencing on the criminal charge.

5

We have considered DeRuggiero's remaining arguments and find them to be without

merit.  For the reasons stated herein, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK