19-1302-cr
United States v. Walker

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty.

PRESENT: RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges*,
JED S. RAKOFF,*
*Judge.*

------------------------------------------------------------

UNITED STATES OF AMERICA,

    *Appellee*,

      v.

VERNON WALKER,                                    19-1302-cr

    *Defendant-Appellant*.**

------------------------------------------------------------

---

\* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

\*\* The Clerk of Court is directed to amend the official caption to conform with the above caption.

FOR DEFENDANT-APPELLANT:   MEGAN WOLFE BENETT,
Kreindler & Kreindler LLP,
New York, NY.

FOR APPELLEE:   ANDEN CHOW, Assistant
United States Attorney
(Thomas McKay, Assistant
United States Attorney, *on the brief*), *for* Audrey Strauss,
Acting United States Attorney
for the Southern District of
New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (John F. Keenan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED.

Vernon Walker appeals from a judgment of conviction entered by the District Court (Keenan, J.) upon his plea of guilty pursuant to a plea agreement to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951. Walker's plea agreement included a waiver of his right to appeal any sentence within or below a stipulated Guidelines range of 151 to 188 months' imprisonment. Walker was sentenced principally to a term of imprisonment of

2

108 months.   On appeal, Walker argues that the District Court erred in sentencing him under the Career Offender Guideline because conspiracy to commit Hobbs Act robbery is not a crime of violence under § 4B1.1(a) of the United States Sentencing Guidelines.   We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to dismiss.

"Waivers of the right to appeal a sentence," such as the one contained in Walker's plea agreement, "are presumptively enforceable."   United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011).   Based on the clear language of the appeal waiver, we conclude that Walker waived his right to appeal his sentence.

In urging a contrary conclusion, Walker first argues that the appeal waiver is unenforceable because the District Court suggested during his plea hearing that Walker could appeal his sentence.   We reject his argument because we find that the District Court's statement is fully consistent with the plea agreement. The District Court merely noted that "under some circumstances, as set forth in [the] plea agreement," Walker "might have the right to appeal whatever sentence is imposed."   App'x 37.   That was an accurate statement.   Walker, for

3

example, retained the right to challenge his sentence on ineffective assistance of counsel grounds.

Walker also argues that the appeal waiver does not encompass any legal error committed by the District Court in applying the Career Offender Guideline. This argument is likewise unavailing. A defendant's "waiver of his right to challenge . . . [his] . . . sentence plainly includes a waiver of his right to claim errors arising out of the District Court's crafting of [his] sentence." United States v. Arevalo, 628 F.3d 93, 97 (2d Cir. 2010) (quotation marks omitted). This includes any legal error that might have been made by the District Court. See Riggi, 649 F.3d at 147 ("We have enforced waivers where a sentence was arguably imposed contrary to a statutory requirement.")

And Walker knowingly and voluntarily waived his appeal rights. "[I]t is . . . well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable." United States v. Lee, 523 F.3d 104, 106 (2d Cir. 2008). During the plea hearing, Walker confirmed that he had reviewed the plea agreement with his attorney and signed it, and that he understood the appeal rights he was waiving. And

4

Walker does not point to anything in the record that suggests that the waiver of his appeal rights was anything other than knowing and voluntary. See United States v. Morgan, 386 F.3d 376, 379 (2d Cir. 2004) (concluding that a plea waiver was knowing and voluntary where there was "no realistic possibility that [the defendant] might have misunderstood the nature or source of the waiver").

We therefore conclude that Walker waived his right on appeal to challenge his classification as a career offender. We have considered Walker's remaining arguments and conclude that they are without merit. For the foregoing reasons, the appeal is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5