22-688-cr
*United States v. Alexander*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                22-688-cr

SHELLY WASHINGTON, a/k/a SEALED
DEFENDANT 1,

    *Defendant*,

WARREN ALEXANDER, a/k/a SEVEN,

    *Defendant-Appellant*.

---

FOR APPELLEE:        David J. Robles (David Abramowicz, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT: Jeremiah Donovan, Old Saybrook, Connecticut.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on March 16, 2022, is **AFFIRMED**.

Defendant-Appellant Warren Alexander appeals from the district court's judgment of conviction following his guilty plea to one count of possessing ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). The conviction arose from Alexander's participation in an armed carjacking and robbery in the Bronx in late 2019. The district court sentenced Alexander to a term of 100 months' imprisonment, to be followed by three years of supervised release, and imposed $4,428.11 in restitution and a $100 mandatory special assessment. On appeal, Alexander challenges the district court's imposition of the mandatory, standard, and special conditions of supervised release, arguing that the district court erred in only referring to, and adopting, the conditions that were included in the Probation Office's Presentence Investigation Report ("PSR"), as opposed to orally pronouncing them on the record. In addition, Alexander contends that the district court erred in imposing the three special conditions because it failed to explain its reasons for imposing them, and that there was insufficient basis in the record to support such conditions in this case.[1] We assume the parties' familiarity with the underlying facts,

---

[1] On August 30, 2023, we granted an *Anders* motion filed by Alexander's prior appellate counsel seeking permission to withdraw, granted in part a motion by the government to dismiss the appeal as barred by an appellate waiver in Alexander's plea agreement, and ordered that new counsel be appointed to brief the issues described *supra* relating to the oral pronouncement and one of the special conditions, as well as any other nonfrivolous issue not barred by Alexander's appellate waiver in his plea agreement.

procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review a district court's decision to impose conditions of supervised release for abuse of discretion, and any related questions of law *de novo*. *United States v. Kunz*, 68 F.4th 748, 758 (2d Cir. 2023). Where, as here, the appellant did not object to a condition in the district court despite having an opportunity to do so, we review for plain error, which requires the appellant to show that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020) (internal quotation marks and citation omitted).

## I.      Oral Adoption of Supervised Release Conditions in the PSR

A defendant is entitled to be present at his sentencing. Fed. R. Crim. P. 43(a)(3); *see also United States v. Thomas*, 299 F.3d 150, 152 (2d Cir. 2002). We have interpreted this rule to require that the sentencing judge pronounce the sentence orally on the record, including any conditions of supervised release, with the exception of certain "routinely-imposed" conditions. *Thomas*, 299 F.3d at 153–54. However, we have suggested that the sentencing judge may satisfy the oral-pronouncement requirement even for supervised release conditions that are not imposed routinely by "indicat[ing] that it would incorporate the conditions listed in the PSR." *Id.* at 152; *see also United States v. Whitaker*, No. 21-1543, 2023 WL 5499363, at *4 (2d Cir. Aug. 25, 2023) (summary order) (citing *Thomas* to support the proposition that "even where additional burdensome special terms must otherwise be orally pronounced, a district court may still orally reference those terms in summary fashion during sentencing, so long as it is clear to what the court

3

is referring.  It may, for example, refer to special terms already proposed in the PSR . . . , so long as the district court makes clear during sentencing it intends to incorporate the terms."); *accord United States v. Lateef*, 300 F. App'x 117, 118 (2d Cir. 2008) (summary order) (same).

Here, the district court did not orally describe the conditions of Alexander's supervised release on the record at sentencing.  However, at the beginning of the sentencing, defense counsel represented to the district court that his client had received the PSR, which contained the proposed conditions, and the district court confirmed directly with Alexander that he had read the PSR himself.  Later, in imposing Alexander's sentence, the following colloquy took place regarding the conditions of supervised release:

THE COURT:     The term of supervised release shall be subject to the mandatory, the standard, and the special conditions of supervision set forth at pages 24 through 26 of the presentence report, which you have told me today you have read.
Does either counsel feel it necessary or appropriate for me to read all of the conditions at this point?

MR. BURNETT:  No, your Honor.
[Prosecutor]

THE COURT:     Mr. Kirton?

MR. KIRTON:    No, your Honor.
[Defense
Counsel]

THE COURT:     Okay.

App'x at 58.  The judgment incorporated all the supervised release conditions verbatim from the PSR.

Alexander argues that the district court improperly imposed the conditions of supervised release without orally pronouncing them at sentencing.  As a threshold matter, in expressly

4

agreeing that it was not "necessary or appropriate," *id.*, for the district court to read aloud the conditions set forth in the PSR, Alexander's counsel waived any challenge to the district court's decision to proceed in that manner. *See United States v. Olano*, 507 U.S. 725, 733 (1993) (distinguishing waiver, "the intentional relinquishment or abandonment of a known right," from forfeiture, the failure to timely assert it (internal quotation marks and citation omitted)); *see also United States v. Spruill*, 808 F.3d 585, 596 (2d Cir. 2015) ("Under Fed. R. Crim. P. 52(b), this court has discretion to correct errors that were *forfeited* because not timely raised in the district court, but no such discretion applies when there has been true *waiver*."); *United States v. Overstreet*, No. 21-3034-cr, 2023 WL 4286035, at *1 (2d Cir. June 30, 2023) (summary order) (finding challenge to incorporation of special conditions by reference waived where defendant's counsel stated this approach was "satisfactory").

Even if Alexander had not waived this challenge, as we indicated in *Thomas*, the district court may satisfy the oral-pronouncement requirement by expressly incorporating conditions in the PSR that had been reviewed by the defendant. *See* 299 F.3d at 152 (finding error where the district court "did not set forth any conditions of the supervision during the sentencing hearing, nor did it indicate that it would incorporate the conditions listed in the PSR"); *see also United States v. Washington*, 904 F.3d 204, 208 (2d Cir. 2018) (finding error where defendant "could not have known before issuance of the written judgment that the District Court would include" a condition from the PSR). As noted above, the district court: (1) confirmed Alexander had reviewed the PSR, which contained the conditions; (2) stated that it was adopting the PSR's recommended conditions; and (3) imposed conditions in the written judgment, which were identical to the PSR's recommended conditions. Under these circumstances, Alexander has failed

5

to demonstrate that the district court committed plain error by not also orally pronouncing the conditions.

## II. Special Conditions

Alexander also argues that the district court erred in failing to explain its reasons for imposing the three special conditions, which required him to disclose financial information to the Probation Office (the "Financial Information Condition"), obtain permission from the Probation Office before taking on additional credit obligations (the "Credit Condition"), and submit to searches based on reasonable suspicion (the "Search Condition"). Alexander also asserts that "[t]here is no justification for the [Financial Information and Credit Conditions] if [he] is not required to make restitution payments as a condition of supervised release." Appellant's Br. at 5. Finally, Alexander argues that the broad provisions of the Search Condition were not "reasonably related" to permissible sentencing factors and involved a "greater deprivation of liberty than is reasonably necessary" to implement the statutory purposes of sentencing, in violation of 18 U.S.C. § 3583(d).

Although we have held that "[a] district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it . . . . , we have also been careful to qualify that while the failure to do so is generally error, we may nonetheless affirm if the district court's reasoning is self-evident in the record." *Kunz*, 68 F.4th at 760 (internal quotation marks and citations omitted); *see also United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004).

The district court was not required to make an individualized assessment regarding the propriety of the Financial Information and Credit Conditions because those conditions are

6

recommended by the United States Sentencing Guidelines (the "Guidelines") whenever the district court imposes restitution to be paid in installments, *see* U.S.S.G. § 5D1.3(d)(2) (recommending that a defendant be prohibited from incurring new credit card charges or opening additional lines of credit without approval of the probation officer when restitution is to be paid in installments); *id.* § 5D1.3(d)(3) (recommending that a defendant be required to provide his probation officer with access to financial information when the court imposes restitution), as is the case here. *See United States v. Sims*, 92 F.4th 115, 119 n.1 (2d Cir. 2024) ("While the Guidelines technically describe a category of recommended conditions as special because their appropriateness is contingent on whether certain circumstances are present, we consider those recommended conditions to be as necessary to the administration of supervised release as the standard conditions, which are presumed suitable in all cases." (internal quotation marks and citation omitted)); *see also Thomas*, 299 F.3d at 154 ("Because the District Court required [the defendant] to pay restitution, the Guidelines recommend the imposition of [the Financial Information and Credit] [C]onditions, and the District Court's failure to articulate them orally is irrelevant . . . .").

But even if the district court was required to make an individualized assessment, its failure to explain its reasons for imposing the three special conditions is not reversible error because those reasons are readily apparent from the record. Because the district court required Alexander to pay restitution in monthly installments equal to ten percent of his gross income for the preceding month, the Financial Information and Credit Conditions are reasonably related to ensuring that the ordered restitutions payments will be made.

Alexander also contends that, although the district court ordered restitution with installment payments, the district court plainly erred in imposing these special conditions because

it did not also make the restitution obligation a mandatory condition of supervised release. We disagree. Alexander cites no legal authority for this contention, and it is entirely unclear why the fact that payment of restitution was not listed among the conditions of supervised release in the judgment, but rather was ordered at sentencing and reflected on a separate page of the judgment, would limit a district court's discretionary authority to impose special conditions regarding a defendant's finances that help ensure payment of the restitution order. *See United States v. Napout*, 963 F.3d 163, 183 (2d Cir. 2020) ("[F]or an error to be plain, it must, at a minimum, be clear under current law . . . ." (internal quotation marks and citation omitted)). Indeed, as noted above, the Guidelines recommend these special conditions in precisely this circumstance, regardless of whether the restitution order or repayment plan is separately named as a condition of supervised release or is merely contained in the judgment. *See* U.S.S.G. § 5D1.3(d)(2) (recommending Credit Condition "[i]f an *installment schedule* of payment of restitution . . . is imposed" (emphasis added)); *id.* § 5D1.3(d)(3) (recommending Financial Information Condition "[i]f the court imposes an *order of restitution*" (emphasis added)). Therefore, we discern no plain error on this ground.

We find Alexander's challenge to the search condition similarly unpersuasive. The district court imposed a condition allowing searches of, *inter alia*, Alexander's person, property, computer, electronic communications, data storage devices, and cloud storage or media "when there is reasonable suspicion concerning violation of a condition of supervision or unlawful conduct" and stating that such searches "shall be conducted at a reasonable time and in a reasonable manner." App'x at 63; PSR at 26. Although the district court did not articulate its reasons for imposing the Search Condition at sentencing, we find its reasons apparent from the record, which reflects the district court's concern with Alexander's lengthy criminal history involving "a long

8

line of incidents involving guns," App'x at 55; *see also id.* at 57 ("[W]hat you've been doing is periodically getting your hands on a gun and creating danger for people around you."), and the fact that the offense of conviction involved an armed carjacking. The district court's reasons for including in the Search Condition the probation officer's authority to search Alexander's electronic communications are also clear from the record because (1) Alexander's co-defendant used social media to communicate with the carjacking victim and also contacted him by phone, (2) the co-defendant and an individual believed to be Alexander used social media afterward to mock the victim for reporting the incident to the police and to mock law enforcement, and (3) Alexander was identified by law enforcement through his contact with the co-defendant via phone and cell-site data.

Moreover, in light of these considerations, the imposition of the Search Condition is reasonably related to the nature of the offense—namely, an armed carjacking and robbery—and the need to afford adequate deterrence and to protect the public from Alexander's further crimes. *See* 18 U.S.C § 3553(a)(2)(B)–(C); *see also United States v. Ettinger*, 723 F. App'x 38, 40–41 (2d Cir. 2018) (summary order) (affirming search condition for offense involving receipt and sale of stolen goods despite the defendant's lack of prior criminal convictions). Alexander has similarly failed to demonstrate that the search condition involved a "greater deprivation of liberty than is reasonably necessary" for these purposes of sentencing. 18 U.S.C. § 3583(d)(2); *see also United States v. Rakhmatov*, No. 21-151, 2022 WL 16984536, at *3 (2d Cir. Nov. 17, 2022) (summary order) (explaining that "limitations on searches to circumstances in which reasonable suspicion of a supervised release violation exists and to a reasonable time and manner of search ensure that the

9

condition imposes no greater restraint on liberty than is reasonably necessary" (internal quotation marks, citation, and alteration marks omitted)).

In sum, we find no plain error in the district court's imposition of the three special conditions of Alexander's supervised release.

\* \* \*

We have considered Alexander's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court